FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 APR 30 AM 9: 07

CLERK_____
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

THEOWANDA LAMB,

    Petitioner,

v.                 606CV105

HUGH SMITH,

    Warden.

## ORDER

This Court dismissed Theowanda Lamb's 28 U.S.C. § 2254 petition as time-barred.[1] Doc. ## 10, 13, 14. He appeals (doc. # 18) and thus impliedly moves for leave to proceed *in forma pauperis* (IFP). He explicitly seeks a Certificate of Appealability (COA). Doc. # 19.

With respect to his IFP motion, Lamb is not subject to the Prison Litigation Reform Act of 1995, Pub.L. No. 104-134, 110 Stat. 1321 (4/26/96) (PLRA), which amends 28 U.S.C. § 1915. Nevertheless he must satisfy the pre-PLRA amendment requirements of 28 U.S.C. § 1915(a). *See U.S. v. Bazemore*, 973 F.Supp. 1475 (S.D.Ga. 1997), *rev'd on other grounds, Bazemore v. U.S.*, 161 F.3d 20 (11th Cir. 1998). That means he must show that he is raising at least one appellate issue that could be supposed to have some arguable merit. *See Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

Lamb's COA application can be denied if it presents no procedural issue debatable among jurists of reason, *see Henry v. Dep't. of Corr.*, 197 F.3d 1361, 1364 (11th Cir. 1999), or otherwise fails to make a substantial showing that he has been denied a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Gordon v. Sec'y Dep't of Corr.*, 479 F.3d 1299, 1300 (11th Cir. 2007); 28 U.S.C. § 2253(c)(2).

In his Report and Recommendation (R&R), the Magistrate Judge (MJ) recommended that Lamb's 11/20/06-filed, federal habeas petition was 3,497 days too late (28 U.S.C. § 2244 gave him only one year). Doc. # 11 at 2, 3 n. 1, 5. Objecting, Lamb did not dispute the R&R's chronological computations, but instead claimed that impediments beyond his control[2]

---

[1] The federal Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a 1-year statute of limitations for filing a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). That limitations period is tolled, however, while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2).

*Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). Courts lean in favor of upholding the public interest in finality. *Sweet v. Secretary, Dept. of Corr.*, 2006 WL 3000958 * 9 (11th Cir. 10/23/06) (unpublished) (although State had not claimed habeas petition was untimely in its initial response to show cause order, district court had discretion to address issue of timeliness as raised in State's subsequent motion for summary judgment).

[2] Though § 2244(d)(2) sets forth the standard for "statutory tolling" of § 2244(d)'s limitations period, this period-like most other nonjurisdictional limitations periods-is also subject to equitable tolling. "In order to be entitled to the benefit of equitable tolling, a petitioner must act with diligence, and the untimeliness of the filing must be the result of circumstances beyond his control." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286-87 (11th Cir.2002).

excused his untimeliness. Doc. # 15 at 2-5.

Lamb also argued that, since the state habeas court reached his claims on the merits and thus excused any untimeliness there (his murder conviction was affirmed in 1995, but he did not file a state habeas petition until 2003), this Court should do likewise. *Id.* at 6-8. Finally, he argued his petition's merits. *Id.* at 9-17.

This Court agreed with the R&R and adopted it. Doc. ## 16, 17. In his COA, Lamb restates his "Objections" as grounds for appeal, doc. # 19 at 2, and specifically argues that the Court erred in rejecting his "impediment" assertions. *Id.* at 3-4. For example, "except for two hours over an 18 month period (July 1996 to January 1998)," he claims that "he was denied law library access altogether." *Id.* at 4. Nor was he allowed (because he was on "lockdown") to request that legal information be brought to him. *Id.* An 18-month lockdown, he reminds, is about as great an impediment as one can imagine. *Id.*

Plus, he continues, no one told him about § 2244(d)'s one-year limitation period when it was enacted in 1996 (and judicially extended to 4/24/97 for pre-1996 convictions, *see Alexander v. Metrish*, 2007 WL 542010 at * 5 (W.D.Mich. 2/16/07) (unpublished)). Doc. # 19 at 5 (Lamb says "notice was not given or posted in the library or anywhere else in the prison where prisoners could be made aware of it").

The problem for Lamb, however, is that he didn't file *any* habeas petition until 2003, so even if the Court could excuse his tardiness all the way through1998, he cites to nothing to justify equitably tolling the 1999-2003 period.

Moreover, the fact that a state habeas court later heard his 2003 petition is irrelevant. In other words, a state *or* a federal habeas petition must have been filed within § 2244(d)'s twelve-month limitations period to stop the clock; Lamb's failure to file *any* petition within that period was fatal. *See Sibley*, 377 F.3d at 1204, cited in FED. PROC. LAWYERS ED (*Deadline for filing petition*) § 41:365 (2006).

Lamb simply overlooks the fact that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it." *Sibley*, 377 F.3d at 1204; *Alexander*, 2007 WL 542010 at *6 ("Once the limitations period on Alexander's habeas petition expired on [4/24/97], Alexander cannot utilize 28 U.S.C. § 2244(d)(2) to toll or revive the running of the statute of limitations on his federal habeas petition under § 2244(d)(1) by subsequently filing a motion for post-conviction relief in the ... state courts").

The remainder of Lamb's grounds (he again argues the merits, etc.) likewise fail to meet the above-stated COA/IFP criteria. Accordingly, the Court **DENIES** Theowanda Lamb's COA/IFP motions. Doc. # 18, 19.

This 30 day of April, 2007

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

*Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004).